**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30262**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ARTHUR F. CALTON,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(96-CR-30038)**

**September 22, 1997**

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Arthur F. Calton appeals his sentence for possession of child pornography. He contends that the district court incorrectly applied U.S.S.G. § 2G2.2, the guideline applicable to trafficking in child pornography; that it erroneously believed it could not depart downward from the guideline sentencing range; and that such a departure was appropriate.

The district court's factual finding that Calton was involved

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in trafficking in child pornography was not clearly erroneous. *United States v. Fair*, 979 F.2d 1037, 1040 (5th Cir. 1992). The trafficking guideline thus was applied properly to Calton. U.S.S.G. § 2G2.4(c)(2).

The district court's comments regarding downward departure indicate that the court knew it could depart downward but chose not to do so. We lack jurisdiction to consider Calton's downward-departure contention on its merits. *United States v. DiMarco*, 46 F.3d 476, 478 (5th Cir. 1995).

*AFFIRMED IN PART; APPEAL DISMISSED IN PART*